UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:15-CV-00762-GNS

SUSAN JEAN KING                                                                                    PLAINTIFF

v.

TODD HARWOOD, et al.                                                                          DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

  This matter is before the Court on Defendants' Motion to Dismiss/Motion for Summary Judgment (DN 4), and Plaintiff's Motion for Leave to File Sur-Reply (DN 16). The motions have been fully briefed and are ripe for decision. For the reasons stated below, Defendants' motion is **GRANTED** and Plaintiff's motion is **DENIED AS MOOT**.

**I.**     **BACKGROUND**

  This action arises from the arrest and imprisonment of Plaintiff Susan Jean King ("King") following the investigation of the murder of King's paramour, Kyle Breeden ("Breeden"). King was ultimately charged with murder and entered an *Alford* plea for manslaughter and tampering with evidence. (Defs.' Mot. to Dismiss/Mot. for Summ. J. 9) [hereinafter Defs.' Mot]). Five years later, Richard Jarrel ("Jarrel") confessed to officers at the Louisville Metro Police Department that he had killed Breeden. (Defs.' Mot. 9). King was released from prison on November 5, 2012. (Def.'s Mot. 10). On July 18, 2014, the Kentucky Court of Appeals vacated King's conviction, and the Commonwealth's Attorney opted not to pursue a trial. (Defs.' Mot. 10). The Spencer Circuit Court entered an order dismissing the charges on October 9, 2015. (Pl.'s Resp. Ex. 10, DN 14-10 [hereinafter Order of Dismissal]). King now brings suit against

the various parties responsible for the investigation of Breeden's murder and the ultimate decision to charge her for Breeden's murder.

## II.     JURISDICTION

This Court has jurisdiction under 28 U.S.C. § 1331 as this matter arises under the laws of the United States.

## III.    STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). There is no genuine issue of material fact when "looking to the record as a whole, a reasonable mind could come to only one conclusion . . . ." *Mickler v. Nimishillen & Tuscarawas Ry. Co.*, 13 F.3d 184, 186 (6th Cir. 1993) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986)). "When moving for summary judgment the movant has the initial burden of showing the absence of a genuine dispute as to a material fact." *Automated Sols. Corp. v. Paragon Data Sys., Inc.*, 756 F.3d 504, 520 (6th Cir. 2014) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). "The burden then shifts to the nonmovant, who must put forth enough evidence to show that there exists 'a genuine issue for trial.'" *Id.* (citing *Horton v. Potter*, 369 F.3d 906, 909 (6th Cir. 2004)).

While the Court views the evidence in the light most favorable to the non-moving party, the non-moving party must do more than merely show the existence of some "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (citations omitted). Rather, the non-moving party must present specific facts proving that a genuine factual issue exists by "citing to particular parts of the materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute . . . ."

2

Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson*, 477 U.S. at 252.

## IV. DISCUSSION

### A. Plaintiff's Request for Additional Discovery

The Court first considers Plaintiff's Rule 56(d) argument that Plaintiff cannot adequately respond to Defendants' Motion. (Pl.'s Resp. 3-4). Rule 56(d) allows the Court to delay consideration if a plaintiff shows by affidavit or declaration why the plaintiff cannot mount an opposition to a Rule 56(a) motion. Fed. R. Civ. P. 56(d). In this case, Plaintiff has provided the Court with such an affidavit but provides insufficient details as to why she cannot adequately mount an opposition to Defendant's motion. Plaintiff essentially restates the allegations in her Complaint with a broadly stated "need[] to conduct discovery" regarding each claim. (Pl.'s Resp. Ex. 9, DN 14-10).

Plaintiff must state "with some precision" what materials she seeks and how those materials will assist her in opposing Defendants' motion. *Summers v. Leis*, 368 F.3d 881, 886 (6th Cir. 2004) (internal quotation marks omitted) (citation omitted). Plaintiff's affidavit fails to precisely state what she seeks in discovery and how it will aid her in this case. Therefore, the Court declines to defer its ruling on this motion.

### B. Defendants' Motion for Summary Judgment

The Court considers two arguments in Defendants' Motion for Summary Judgment. (Defs.' Mot. 11). First, Defendants argue that Plaintiff's Complaint is time-barred by the statute of limitations. (Defs.' Mot. 11). Second, Defendants argue that all individual Defendants are entitled to qualified immunity.

3

### 1. *Statute of Limitations*

State law determines the limitation period for a Section 1983 claim. *Fields v. Louisville/Jefferson Cty. Metro Gov't*, No. 3:07-CV-134-S, 2007 WL 4224216, at *3-4 (W.D. Ky. Nov. 27, 2007) (citation omitted). Under Kentucky law, the limitations period for a Section 1983 based upon a malicious prosecution claim is one year. *Id*. (citing *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182-83 (6th Cir. 1990)). Regardless, "the accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). While the parties do not dispute the applicable limitations period is one year for all claims, they disagree when those claims accrued.

"[I]t is 'the standard rule that [accrual occurs] when the plaintiff has a complete and present cause of action . . . .'" *Fields*, 2007 WL 4224216, at *3 (citation omitted). A cause of action accrues "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Id*. (citation omitted). A cause of action based upon a wrongful conviction accrues on the date which the conviction is set aside, not the date of when charges are dropped. *Wallace*, 549 U.S. at 393.

Here, the Kentucky Court of Appeals vacated King's conviction on July 18, 2014. *King v. Commonwealth*, No. 2012-CA-001985-MR, 2014 WL 3547480 (Ky. App. July 18, 2014). The charges were formally dismissed by Spencer Circuit Court on October 9, 2014, and Plaintiff filed her Complaint on October 1, 2015. Unfortunately for Plaintiff, her malicious prosecution cause of action accrued and the statute of limitations began to run on date the judgment was vacated on July 18, 2014, rather than the date the charges were dropped. *Kato*, 549 U.S. at 393 (citation omitted). *See also Chandler*, 2011 WL 781183, at *4 ("[F]or a convicted plaintiff, a § 1983 malicious prosecution claim does not accrue until the conviction has been set aside." (citing

4

*Heck v. Humphrey*, 512 U.S. 477, 484 (1994))). To hold otherwise would require speculation whether the remaining criminal charges will lead to actual prosecution and if a guilty verdict will be rendered. *Kato*, 549 U.S. at 393 (citation omitted). Similarly, all of Plaintiff's other claims are dependent upon her action for malicious prosecution and are also untimely. *Chandler*, 2011 WL 781183, at *4.

Plaintiff argues that the Court should toll the statute of limitations for her claims of intentional infliction of emotional distress, conspiracy, and negligence based upon equity. (Pl.'s Resp. 13). Specifically, she claims Defendants "actively concealed" their involvement and Plaintiff could not move forward with her civil case until Jarrel's confession was revealed. (Pl.'s Resp. 13). This argument does not change the outcome in this case. Jarrel's confession was known *prior* to the Kentucky Court of Appeal opinion vacating her conviction. *King*, 2014 WL 3547480, at *1. The Court rejects Plaintiff's argument that this cause of action accrued on October 9, 2014, and Plaintiff does not contend any cause of action accrued at a later date. Therefore, since all claims are dependent on Plaintiff's malicious prosecution claim and that claim was not timely filed, Defendant's motion will be granted.

    2.    *Merits of Plaintiff's Claims*

Defendants allege all individual Defendants are entitled to qualified immunity in this case.[1] Under Kentucky law, public officers sued in their individual capacities are protected by qualified immunity to the extent decisions are "good faith judgment calls made in a legally uncertain environment." *Yanero v. Davis*, 65 S.W.3d 510, 522 (Ky. 2001). Similarly, under the federal doctrine of qualified immunity, "government officials performing discretionary functions generally are shielded from liability from civil damages insofar as their conduct does not violate

---

[1] Plaintiff concedes Defendant Kentucky State Police is entitled to immunity and therefore any claims directed against the Kentucky State Police are dismissed. (Pl.'s Resp. 14).

clearly established statutory or constitutional rights of which a reasonable person would have known." *Harris v. City of Circleville*, 583 F.3d 356, 364 (6th Cir. 2009) (citations omitted).

Plaintiff fails to establish a genuine issue of material fact that any of the individual defendants in this case are not entitled to qualified immunity. The crux of both federal and state qualified immunity is that Plaintiff must establish that Defendants reasonably believed Plaintiff was innocent yet pursued an investigation and prosecution anyway. In addition, all of Plaintiff's claims are incidental to her malicious prosecution claim which requires that she establish Defendants lacked probable cause to arrest and prosecute her for Breeden's death. *Thacker v. City of Columbus*, 328 F.3d 244, 258 (6th Cir. 2003).

The Court notes that Defendants made their decision to pursue Plaintiff for Breeden's murder *prior* to Jarrel's confession, which occurred five years after Plaintiff's incarceration. The record reflects probable cause existed sufficient to arrest and prosecute Plaintiff for killing Breeden at the time of her *Alford* plea. First, witnesses reported Plaintiff had stated she had a "vision" that Breeden's body would be found floating in water before he was found dead in the Kentucky River. (Defs.' Mot. 5). Second, witnesses reported Plaintiff owned a .22 caliber handgun. (Defs.' Mot. 6). Breeden was killed with .22 caliber bullets, and a .22 bullet fragment was found in Plaintiff's home. (Defs.' Mot. 6). Third, multiple bullet holes were found in Plaintiff's floor and at least one of these bullet holes contained some form of blood. (Defs.' Mot. 7). While the Court certainly makes no allusions to Plaintiff's guilt, the foregoing evidence rebuts any allegation that Defendants acted unreasonably or without probable cause.

Finally, Plaintiff herself impliedly conceded probable cause for her conviction existed the moment she entered an *Alford* plea. Under Kentucky law, a plaintiff cannot sustain a malicious prosecution claim after entering a guilty plea. *Broaddus v. Campbell*, 911 S.W.2d 281, 284-85

(Ky. App. 1995). A malicious prosecution claim requires plaintiffs to establish a lack of probable cause for prosecution. *Id*. A plaintiff cannot stipulate to probable cause through a guilty plea and later claim probable cause to prosecute did not exist. *Id*. An *Alford* plea is itself an acknowledgement that facts sufficient to convict exist and to contest the state's evidence at trial would be hopeless. *North Carolina v. Alford*, 400 U.S. 25, 36-37 (1970). "An Alford plea is a guilty plea. More importantly, such a plea cannot be accepted until the court has made a finding that a factual basis exists for the guilty plea." *Graybill v. U.S. Postal Serv.*, 782 F.2d 1567, 1573 n.1 (Fed. Cir. 1986) (internal citation omitted) (citing *Alford*, 400 U.S. at 37-38).

Therefore, Plaintiff cannot now claim Defendants lacked a reasonable basis to believe that she killed Breeden when she herself acknowledged that the state's evidence was sufficient to convict her through the voluntary entry of her *Alford* plea. Thus, the Court finds all individual Defendants are immune from liability, and Plaintiff cannot establish the lack of probable cause necessary to maintain a wrongful prosecution claim. Therefore, all arguments related to supervisory liability and testimonial privilege are moot.

### C. Plaintiff's Sur-Reply

Plaintiff seeks leave to file a sur-reply because she alleges Defendants raise "three (3) new issues" in their Reply. (Pl.'s Mot. for Leave to File Sur-Reply 1, DN 16). None of allegedly new issues affect the Court's ruling. The fact remains that the accrual date for Plaintiff's cause of action was July 18, 2014, and Defendants' actions were reasonable in light of the evidence supporting probable cause for Plaintiff's prosecution. Therefore, Plaintiff's proposed sur-reply is hereby moot.

## V. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss/Motion for Summary Judgment (DN 4) is **GRANTED**, and Plaintiff's Motion for Leave to File Sur-Reply (DN 16) is **DENIED AS MOOT**.

**Greg N. Stivers, Judge**
**United States District Court**
June 1, 2016

cc: counsel of record